FILED IN CHAMBERS
U.S.D.C. ROME

Date: Mar 24 2021
JAMES N. HATTEN, Clerk
By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| TIFFANY COOK, | : | MOTION TO VACATE |
| BOP # 71924-019, | : | 28 U.S.C. § 2255 |
|    Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
|    v. | : | 4:18-CR-24-TWT-WEJ-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 4:19-CV-135-TWT-WEJ |

## FINAL REPORT AND RECOMMENDATION

Movant pro se, Tiffany Cook, submitted a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate") [19]. The government filed a Response [23], and movant filed a Reply [27]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

## I.   PROCEDURAL HISTORY

On October 11, 2018, movant pleaded guilty to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) [1, 3, 5]. On December 20, 2018, Senior United States District Judge Harold L. Murphy filed the Judgment and Commitment, sentencing movant to ninety-two months of imprisonment, followed by five years of supervised release

[15].  Movant did not appeal.  (Mot. Vacate 1.)  On June 28, 2019, movant timely filed the Motion to Vacate.  (Id.)  Movant claims that trial counsel provided ineffective assistance by failing to (1) "properly consult [her] about a direct appeal," (2) file objections to the presentence investigation report, and (3) "submit a memorandum in support of a variance or departure under the [18 U.S.C.] § 3553 factors." (Id. at 4-9, 13-15.)

## II.  STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted).  "[F]ailure to raise an ineffective-assistance-of-counsel

2

claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 509 (2003).

A § 2255 movant "has the burden of sustaining [her] contentions by a preponderance of the evidence." Tarver v. United States, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In the present case, the undersigned determines that an evidentiary hearing is not needed because the Motion to Vacate and record of the case conclusively show that movant is not entitled to relief.

## III.  DISCUSSION

To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the first prong of Strickland, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that,

3

under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted).  As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." Id. at 697.

In ground one, movant claims that trial counsel provided ineffective assistance by failing to "properly consult [her] about a direct appeal." (Mot. Vacate 4-5, 13.)  Movant states that the "first time she was made aware that an appeal could be filed on her behalf" was during sentencing.  (Id. at 13.) According to movant, "[h]ad counsel properly consulted [her] about her appeal rights, a timely appeal would have been filed." (Id.)  The following standards apply to movant's claim:

> [C]ounsel generally has a duty to consult with the defendant about an appeal. . . .
>
> [W]here a defendant has not specifically instructed [her] attorney to file an appeal, [the court] must still determine whether counsel in fact consulted with the defendant about an appeal. . . .  [A]dequate consultation requires informing a client about [her] right to appeal,

4

> advising the client about the advantages and disadvantages of taking an appeal, <u>and</u> making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal.

<u>Thompson v. United States</u>, 504 F.3d 1203, 1206 (11th Cir. 2007) (citations and internal quotation marks omitted).

> A criminal defense lawyer is not under a per se constitutional obligation to consult with his or her client about an appeal. In some cases, the Sixth Amendment requires such consultation; in others, it does not. . . .
>
> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [she] was interested in appealing. . . . This inquiry is informed by several highly relevant factors, including: whether the conviction follows a guilty plea, whether the defendant received the sentence [she] bargained for, and whether the plea [agreement] expressly . . . waived some or all appeal rights.

<u>Otero v. United States</u>, 499 F.3d 1267, 1270 (11th Cir. 2007) (per curiam) (citations and internal quotation marks omitted).

In the present case, (1) movant pleaded guilty, (2) she received a sentence of ninety-two months of imprisonment, which was at the low end of her Guidelines range of eighty-seven to 108 months of imprisonment, and (3) her plea agreement contained an appeal waiver. (Resp. 9-13.) Given those factors,

5

counsel did not have "reason to think" that it was necessary to consult movant about an appeal. See Otero, 499 F.3d at 1270. There is no indication that (1) any nonfrivolous grounds for appeal existed, (2) it would otherwise be rational for movant to want to appeal, or (3) movant reasonably demonstrated to counsel that she was interested in appealing. The undersigned concludes that counsel did not have a duty to consult movant about an appeal. Therefore, counsel did not perform deficiently, and movant was not prejudiced.

In ground two, movant claims that trial counsel provided ineffective assistance by failing to file objections to the presentence investigation report. (Mot. Vacate 5-6, 13-14.) Movant contends that counsel should have challenged her sentencing enhancements for abusing her position and possessing a gun. (Id. at 14.) However, as the government correctly explains, counsel in fact challenged those enhancements by objecting to the presentence investigation report, and as a result, the gun enhancement was not applied. (Resp. 3-6, 13-14.) Therefore, counsel did not perform deficiently, and movant was not prejudiced.

In ground three, movant claims that trial counsel provided ineffective assistance by failing to "submit a memorandum in support of a variance or departure under the [18 U.S.C.] § 3553 factors." (Mot. Vacate 6-8, 15.) Movant contends that counsel should have argued that (1) "she qualified for a safety valve

6

reduction under § 3553(f)," and (2) she deserved "a lesser sentence due to her lack of criminal history, family background, character, and the reduced risk of recidivism . . . ." (<u>Id.</u> at 15.)  However, as the government correctly explains, counsel in fact argued that movant qualified for a safety valve reduction, and as a result, the reduction was applied. (Resp. 14.)  As to movant's second contention, there was no basis for any further "lesser sentence" because counsel had already addressed the § 3553 factors when he objected to the presentence investigation report.  (<u>Id.</u> at 15-17; Mot. Vacate 15.)  Therefore, counsel did not perform deficiently, and movant was not prejudiced.

Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

## IV.   <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right

7

"includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## V.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Vacate [19] be **DENIED**, a certificate of appealability be **DENIED**, and civil action number 4:19-cv-135-TWT-WEJ be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 24th day of March, 2021.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE